UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID RYCERZ,

    Plaintiff,

vs.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, David Rycerz ("RYCERZ"), by and through the undersigned counsel, hereby sues Life Insurance Company of North America ("LINA") and alleges:

### PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under employee benefits plans regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of employee benefits plans, and to clarify Plaintiff's rights under the employee benefit plans administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and postjudgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. RYCERZ was at all times relevant a plan participant under Sodexo, Inc. Group Long Term Disability Plan, Group Policy VDT-0980133 ("LTD" Plan).

3. Defendant, LINA, is a corporation with its principal place of business in

the State of Pennsylvania, authorized to transact and is transacting business in, and may be found in the Southern District of Florida. LINA is the insurer of benefits under the Sodexo LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The LINA LTD Plan is an employee welfare benefit plans regulated by ERISA, established by Sodexo under which RYCERZ was a participant, and pursuant to which RYCERZ is entitled to Long Term Disability benefits ("LTD benefits").

5. Pursuant to the terms and conditions of LTD Plan, RYCERZ is entitled to benefits for the duration of the Plaintiff's disability, for so long as RYCERZ remains disabled as required under the terms and conditions of the LTD plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINA, is authorized to and is doing business within the Southern District of Florida.

**COUNT I:**
**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

7. RYCERZ incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, RYCERZ was an employee or former employee of Sodexo and a plan participant under the terms and conditions of the LTD Plan.

9. During the course of RYCERZ's employment, RYCERZ became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while RYCERZ

was covered under the LTD Plan, RYCERZ suffered a disability, which due to the privacy of same is discussed in great detail in the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

10. Prior to disability RYCERZ worked as an Executive Chef for Sodexo.

11. Pursuant to the terms of the LTD Plan, RYCERZ made a claim to LINA for LTD benefits under the LTD Plan with an effective date of disability of February 11, 2017.

12. As it relates to RYCERZ's claim for benefits Disability is defined to mean An employee is Disabled if, because of Injury or Sickness, (1) he or she is unable to perform he material duties of his or her regular occupation, and solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings; and (2) after Disability Benefits has been payable for 24 months, he or she is unable to perform the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience, and solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings.

13. Following the applicable Elimination Period, LTD Benefits would have begun on August 10, 2017.

14. Despite his claim for short term disability benefits being approved, LINA advised RYCERZ on March 20, 2018, that his claim for LTD benefits were being denied as LINA had determined there was a lack of medical evidence to support restrictions and limitations that would prevent RYCERZ from performing the duties of his occupation as an Executive Chef.

15. On August 6, 2018, RYCERZ submitted his mandatory administrative appeal of LINA's adverse benefit determination.

16. On appeal LINA had two internal medical directors review RYCERZ's appeal.

17. LINA's medical directors, as employees of the company, determined that there was insufficient evidence to support medically necessary restrictions and limitations.

18. On September 28, 2018, LINA advised RYCERZ it was upholding the denial of his claim for LTD benefits.

19. On March 22, 2019, RYCERZ availed himself of the voluntary appeal process.

20. In submitting his voluntary appeal RYCERZ provided a functional capacity examination (FCE) that documented RYCERZ did not have the physical ability to perform the physical demands of his occupation, as well as an additional letter of support from his specialist.

21. In response to the appeal LINA required RYCERZ undergo an Independent Medical Examination (IME) on May 23, 2019.

22. On September 28, 2019, LINA advised RYCERZ that following its review of his voluntary appeal and the results of the IME that it was upholding its denial of his claim for LTD benefits.

23. LINA initially approved RYCERZ's claim for benefits as it had determined that his condition would prevent him from performing the material duties of his pre-disability occupation as an Engineer.

24. RYCERZ has exhausted his administrative remedies.

25. LINA breached the LTD Plan and violated ERISA in the following respects:

    a. By failing to pay LTD benefits to RYCERZ at a time when LINA and the LTD Plan knew, or should have known, that RYCERZ was entitled to those benefits under the terms of the LTD Plan, as RYCERZ was disabled and unable to work and therefore entitled to benefits.

    b. After RYCERZ's claim was denied in whole or in part, LINA failed to adequately describe to RYCERZ any additional material or information necessary for RYCERZ to perfect his claim along with an explanation of why such material is or was necessary.

    c. LINA failed to properly and adequately investigate the merits of RYCERZ's disability claim and failed to provide a full and fair review of RYCERZ's claim.

26. RYCERZ believes and alleges that LINA wrongfully denied his claim for LTD Benefits under the LTD Plan by other acts or omissions of which RYCERZ is presently unaware, but which may be discovered in this future litigation and which RYCERZ will immediately make LINA aware of once said acts or omissions are discovered by RYCERZ.

27. As a proximate result of the aforementioned wrongful conduct of LINA under the LTD Plan, RYCERZ has damages for loss of disability benefits in a total sum to be shown at the time of trial.

28. As a further direct and proximate result of this improper determination

regarding RYCERZ's claims for benefits, RYCERZ, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), RYCERZ is entitled to have such fees and costs paid by LINA.

29. The wrongful conduct of LINA has created uncertainty where none should exist, therefore, RYCERZ is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, David Rycerz prays for relief against Life Insurance Company of North America as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: July 24, 2019.

           ATTORNEYS DELL AND SCHAEFER,
           CHARTERED
           Attorneys for Plaintiff
           2404 Hollywood Boulevard
           Hollywood, FL 33020
           Telephone: (954) 620-8300

           __/s/ *Stephen F. Jessup*_____
           STEPHEN F. JESSUP, ESQUIRE
           Florida Bar No.: 0026264
           Email: stephen@diattorney.com